UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.R., CLAIRE ZIMMERMAN,
CHRISTOPHER RATTE,

    Plaintiffs,

v

MAURA CORRIGAN, CITY OF DETROIT,
CELESTE REED, OFFICE HALL,
OFFICER KNOX, JANET WILLIAMS,
SUALYN HOLBROOK, TURNER,
WILSON, JANE DOE, JOHN DOE,

    Defendants.

No. 2:11-CV-11190

HON. AVERN COHN

MAG. MICHAEL J. HLUCHANIUK

---

Alice J. P. Rhee (P75123)
Adam A. Wolfe (P71278)
Abraham Singer (P23601)
Pepper Hamilton LLP
4000 Town Ctr Ste 1800
Southfield, MI  48075
(248) 359-7341

Michael J. Steinberg (P43085)
Attorney for Plaintiffs
American Civil Liberties Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6814

Joseph T. Froehlich (P71887)
Attorney for Defendants
Michigan Department of Attorney General
Public Employment, Elections & Tort Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

Lee'ah D. B. Giaquinto (P60168)
Assistant Corporation Counsel
City of Detroit Law Dept Litigation Section
660 Woodward Ave Ste 1650
Detroit, MI  48226
(313) 237-3035

/

**MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFFS**

    Defendants Corrigan, Turner, and Holbrook, by counsel, move that this Court enter an order compelling Plaintiffs under Federal Rule of Civil Procedure 35 to submit to a mental examination by a suitably licensed or certified examiner. Pursuant to Local Rules 7.1(a) and 37.1, counsel on multiple occasions attempted to

resolve the matter informally with Plaintiff's counsel. Counsel discussed the matter in person and by telephone, as well as in a conference call with the Court. For the reasons stated below, Defendant respectfully requests that this Court find good cause to compel a mental examination under Fed. R. Civ. P. 35

                                          Respectfully submitted,

                                          Bill Schuette
                                          Attorney General

                                          *s/Joseph T. Froehlich*
                                          Joseph T. Froehlich
                                          Assistant Attorney General
                                          Attorneys for Defendant
                                          P. O. Box 30736
                                          Lansing, Michigan  48909
                                          517.373.6434
                                          Email:  froehlichj@michigan.gov
                                          P71887

Dated: April 23, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.R., CLAIRE ZIMMERMAN,
CHRISTOPHER RATTE,

    Plaintiffs,

v

MAURA CORRIGAN, CITY OF DETROIT,
CELESTE REED, OFFICE HALL,
OFFICER KNOX, JANET WILLIAMS,
SUALYN HOLBROOK, TURNER,
WILSON, JANE DOE, JOHN DOE,

    Defendants.

No. 2:11-CV-11190

HON. AVERN COHN

MAG. MICHAEL J. HLUCHANIUK

| | |
|---|---|
| Alice J. P. Rhee (P75123)<br>Adam A. Wolfe (P71278)<br>Abraham Singer (P23601)<br>Pepper Hamilton LLP<br>4000 Town Ctr Ste 1800<br>Southfield, MI  48075<br>(248) 359-7341 | Michael J. Steinberg (P43085)<br>Attorney for Plaintiffs<br>American Civil Liberties Union Fund of Michigan<br>2966 Woodward Ave.<br>Detroit, MI 48201<br>(313) 578-6814 |
| Joseph T. Froehlich (P71887)<br>Attorney for Defendants<br>Michigan Department of Attorney General<br>Public Employment, Elections & Tort Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 | Lee'ah D. B. Giaquinto (P60168)<br>Assistant Corporation Counsel<br>City of Detroit Law Dept Litigation Section<br>660 Woodward Ave Ste 1650<br>Detroit, MI  48226<br>(313) 237-3035 |

/

**BRIEF IN SUPPORT OF MOTION TO COMPEL
<u>MENTAL EXAMINATION OF PLAINTIFFS</u>**

    Pursuant to Federal Rule of Civil Procedure 37, a party may move for an order compelling disclosure or discovery.  Counsel certifies that he has, in good

1

faith, attempted to confer with the Plaintiffs' counsel in an attempt to obtain the mental examinations on a voluntary basis. These attempts have been unsuccessful.

## FACTS AND ANALYSIS

**1.   Plaintiffs have placed their mental conditions in controversy.**

There is good cause to compel Plaintiffs' mental examinations because their complaint and Rule 26 disclosures plainly claim damages that place their mental conditions in controversy. In the Complaint, Plaintiffs state that they "suffered extreme stress, anxiety, and trauma from the conduct of Defendants, as alleged herein." [See Plaintiffs' Complaint, ¶ 73]. In Plaintiffs' initial disclosures pursuant to Fed R. Civ. P. 26(a), Plaintiffs claim that Claire Zimmerman and Christopher Ratte's damages include "mental anguish and emotional distress, feelings of unjust treatment, reputational harm, fear, anxiety, humiliation and personal indignity." It is also claimed that that LR has suffered "similar compensatory damages." [See Exhibit A, pp. 2 and 3]. There is no question that by claiming these damages, the mental and physical conditions of all Plaintiffs is at issue and in controversy in this case, and as such, the Defendants are entitled to probe the damages by mental examinations. The Plaintiffs cannot claim that the Defendants have physically or mentally harmed them, and then not allow the Defendants to examine the potential evidence of the claimed harm.

It is anticipated that Plaintiffs will assert that they only seek "garden variety" emotional distress damages in an attempt to avoid the mental examinations. But one of the Plaintiff's own statements, as well as the statements of their counsel, demonstrate that the emotional distress being claimed is anything

but "garden variety." On May 5, 2011, in an interview with WXYZ Detroit, regarding the events giving rise to the Complaint, Plaintiff Claire Zimmerman stated:

> It was an unbelievable nightmare! Far worse than the death of my first child….It's terrifying, it makes you understand what it's like to live in a totalitarian regime or something, where you have to fear for your own safety and where the government doesn't provide you protection, it actually threatens you.
>
> [Exhibit B].

On March 24, 2011, Michigan ACLU Legal Director Michael Steinberg, Plaintiffs' co-counsel of record in this action, stated:

> Taking a child from loving parents is a harrowing, life changing experience for both the child and the parents.
>
> [Exhibit C].

Based on these statements, Plaintiffs' emotional distress damage claims cannot be characterized as "garden variety." To be sure, emotional distress that is described as "harrowing and life changing" and "far worse" than the emotional distress associated with the death of one's child is anything but "garden variety."

## 2. Defendants attempted to obtain the independent medical examination voluntarily.

Defendants retained Dr. Charles Clark, Ph.D., a forensic psychologist, to examine Plaintiffs. Plaintiffs have indicated that a voluntary IME would not occur because the emotional distress claims are "garden variety," and that they have sought no treatment for this aspect of their case. Multiple discussions on this issue have taken place between counsel, including a conference call with this Court. But Plaintiffs will not voluntarily submit to the examinations. Thus, under the

circumstances, Defendants have no other choice but to file the present motion to seek relief from the Court.

**3.     There is good cause for an order compelling the IME.**

This Court is authorized to order Plaintiffs to submit to an independent medical examination, provided there is good cause. According to Rule 35(a):

> (a) Order for an Examination.
>
> (1) In General. The court where the action is pending may order a party whose mental or physical condition-including blood group-is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> (2) Motion and Notice; Contents of the Order. The order:
>
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). The United States Supreme Court has held that a good cause determination can be made on the pleadings.

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

*Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 243 (1964) (citation omitted). Plaintiffs' complaint alone meets these requirements. [See Plaintiffs' Complaint, ¶ 73]. There is further good cause in light of Plaintiffs' Rule 26 disclosures and the statements of Plaintiff Claire Zimmerman and Plaintiffs' counsel in the media.

4

This Court is undoubtedly familiar with Rule 35 and *Schlagenhauf*. In an unpublished opinion, which is attached to this motion, a Judge of the Eastern District applied Rule 35 and *Schlagenhauf* in an order granting the defendants' motion to compel a psychological evaluation. *McCumons v. Marougi*. E.D. Mich. No. 08-11164-BC (April 7, 2001) (Def.'s Ex. D; available at 2011 WL 1330807). The circumstances of that case justified a second examination by a psychologist even though a previous psychiatric evaluation occurred voluntarily. (*Id.* at *3).

This Court should reject Plaintiffs' anticipated objections to the IME. Good cause is the standard under Rule 35, not whether Plaintiffs were actually treated for a mental condition or, relatedly, whether their claims are fairly described as "garden variety." Plaintiffs are in fact complaining of severe impairments and "extreme stress, anxiety, and trauma" And, even if garden variety, the holding of *Schlagenhauf* plainly authorizes a finding of good cause for *any* claim of mental or emotional distress irrespective of its degree of claimed impact on the plaintiff. Under these circumstances, Defendants are entitled to an independent mental health evaluation of Plaintiffs.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Defendants respectfully request this Court to issue an order compelling Plaintiffs to submit to independent medical examinations.

Respectfully submitted,

Bill Schuette
Attorney General

*s/Joseph T. Froehlich*
Joseph T. Froehlich
Assistant Attorney General
Attorneys for Defendant
P. O. Box 30736
Lansing, Michigan  48909
517.373.6434
Email:  froehlichj@michigan.gov
P71887

Dated: April 23, 2012
2011/ratte/mot-brief compel

**CERTIFICATE OF SERVICE:** I certify that on April 23, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record, and I certify that my secretary has mailed by U.S. Postal Service the papers to any non-ECF participant.

**/s/Joseph T. Froehlich**
Assistant Attorney General
PO Box 30736
Lansing, MI 48909
(517) 373-6434
froehlichj@michigan.gov
P71887