UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEO RATTÉ, a minor by his Next Friend,
CLAIRE ZIMMERMAN; CLAIRE
ZIMMERMAN; and CHRISTOPHER
RATTÉ,

        Plaintiffs,

vs.

MAURA CORRIGAN; CITY OF DETROIT;
CELESTE REED; SCOTT HALL; RICHARD
KNOX; SUALYN HOLBROOK; CHERITA
TURNER-ROYSTER; and JUDY A.
HARTSFIELD,

        Defendants.
_____/

Case No: 11-11190

HON. AVERN COHN

## MEMORANDUM AND ORDER DISMISSING COUNT I FOR DECLARATORY JUDGMENT

**I.**

**A.**

This is a civil rights case under 42 U.S.C. § 1983.  The claims arise out of an incident at Comerica Park where the plaintiff father inadvertently gave his 7-year-old plaintiff son a "Mike's Hard Lemonade," an alcoholic beverage, at a Tiger game.  A series of events then took place which resulted in the plaintiff son being placed in foster care over a weekend.  The facts are explained in detail in the Court's memorandum and order denying defendant Judge Judy Hartsfield's motion to dismiss, granting Sualyn Holbrook's and Cherita Turner-Royster's motion for summary judgment, and severing count I for declaratory judgment against defendant Maura Corrigan (Doc. 86).  The facts will not be repeated here.

This order addresses count I for declaratory relief against defendant Maura Corrigan in her official capacity as the Director of the Michigan Department of Human Services. In count I, plaintiffs seek a declaratory judgment that Mich. Comp. Laws 712A.14(1) and Mich. Ct. R. 3.963(A) are unconstitutional.

**B.**

Count I is DISMISSED. Plaintiffs are not entitled to a declaratory judgment because they lack standing to seek injunctive relief. In addition, even if the plaintiffs could establish standing, the Court declines to exercise its discretion over the claim for declaratory relief.[1]

**II.**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), states in pertinent part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As the Sixth Circuit has explained, "Article III's 'case and controversy' requirement is not satisfied, and a court therefore has no jurisdiction, when the claimant lacks standing, that is, 'a sufficiently concrete and redressable interest in the dispute.'" *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009) (citation omitted). In order for a plaintiff to meet its burden in establishing standing, he or she must establish that:

> (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. In the context of a declaratory judgment action, allegations of past injury alone are not

---

[1] To the extent that count I seeking a declaratory judgment also applies to Hartsfield, it is dismissed for the same reasons.

sufficient to confer standing.  The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of future harm.

*Id.* at 962 (quoting *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006)).

Ultimately, a court has discretion whether to exercise jurisdiction in a declaratory judgment action.  *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).  A court considers five factors when deciding whether to exercise jurisdiction over a declaratory judgment action:

(1) whether the judgment would settle the controversy;
(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
(5) whether there is an alternative remedy that is better or more effective.

*Id.* (citations omitted).

### III.

Plaintiffs' request for a declaratory judgment fails as a matter of law because they do not have standing to seek such relief.  The Court therefore lacks subject matter jurisdiction to entertain the request for declaratory judgment.

Plaintiffs have not alleged or demonstrated actual present harm or a significant possibility of future harm.  Instead, plaintiffs seek a declaratory judgment based on allegations of past injury alone.  The events leading to Leo's placement in foster care for a weekend occurred in April 2008 when his father unknowingly gave him an alcoholic drink. Plaintiffs have not alleged that, in the five (5) years that have passed since Leo was placed in foster care, he has been placed in foster care again or has been the subject of proceedings in family court triggering the application of Mich. Comp. Laws 712A.14(1) and

Mich. Ct. R. 3.963(A).  Nor have plaintiffs established that such proceedings are likely to occur in the future.  As the DHS defendants correctly state in their supplemental brief:

> Plaintiffs have failed to demonstrate that they meet these requirement[s] because for them, this case is [a] single occurrence that will not be repeated.  They have neither pleaded nor alluded to any threat that their child may again be removed from their custody, or any other indication that they may again be subjected to the purview of the challenged statute or court rule.  They have provided no evidence that they have been threatened with further or repeated removals of their child, or future proceedings in family court.  Without any evidence that they will again be subject to the removal of their child or child protection proceedings, Plaintiffs are left with no interest in the challenged statute and court rule greater than that of any other person in Michigan.

(Doc. 85 at 5–6, DHS Defs.' Supplemental Br.).

Indeed, plaintiffs' request for a declaratory judgment is a generalized grievance seeking to assert the rights of Michigan parents and children in general, and not the rights of parties presently before the Court.  In addition to the constitutional standing requirements, a plaintiff must satisfy three prudential standing requirements: (1) a plaintiff must "'assert his own legal rights and interests, and cannot rest [a] claim to relief on the legal rights or interests of third parties'"; (2) "a plaintiff's claim must be more than a 'generalized grievance' that is pervasively shared by a large class of citizens"; and (3) "in statutory cases, the plaintiff's claim must fall within the 'zone of interests' regulated by the statute in question."  *Coal Operators and Assocs., Inc. v. Babbitt*, 291 F.3d 912, 916 (6th Cir. 2002) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (internal citations omitted)).  Plaintiffs cannot satisfy the prudential standing requirements.

Plaintiffs misplace their reliance on *Hanas v. Inner City Christian Outreach, Inc.*, 542 F. Supp. 2d 683 (E.D. Mich. 2008) to argue that they have standing to seek a declaratory judgment. In *Hanas*, after pleading guilty to possession with intent to deliver marijuana, the

plaintiff was permitted to choose between going to prison or entering a faith-based rehabilitation program run by Inner City Christian Outreach (ICCO). *Id.* at 688. The plaintiff chose the ICCO program and, while he was at ICCO, the staff prevented the plaintiff from practicing Catholicism and forced him to participate in worship services of the Pentecostal tradition. *Id.* Plaintiff sued in federal district court seeking damages and sought a declaratory judgment that referral to the ICCO was unconstitutional. The court stated:

> Genesee County Drug Court stopped making referrals to Inner City Christian Outreach. And Coleman testified at his 2006 deposition that he was no longer a paid consultant of the Drug Court since 2004. Nevertheless, the court believes that declaratory judgment is still appropriate, because, without putting the public on notice by announcing declaratory relief, there is "some likelihood of the recurrence" of these kinds of constitutional torts. Declaratory relief serves a useful purpose. Furthermore, declaratory relief will settle the core of this § 1983 suit without encroaching upon state court jurisdiction.

*Id.* at 692 (internal citations omitted).

Here, unlike the court found in *Hanas*, a declaratory judgment is not useful in this case. Whether Hartsfield, now the sole defendant before the Court, is constitutionally liable will be considered in relation to plaintiffs' claims for damages. A declaratory judgment seeks relief that would be better presented to the Michigan Legislature. Indeed, as the Court noted in the companion decision, the Michigan Legislature has already amended the statutory scheme as a direct result of this case. *See* (Doc. 86 at 20–21 n.8). Therefore, even if plaintiffs could establish standing to seek a declaratory judgment, the Court declines to exercise its jurisdiction in such regard.

For these reasons, *Bilbrey v. Brown*, 738 F.2d 1462 (9th Cir. 1984), is also inapposite. Plaintiff relies on *Bilbrey* for the proposition that a declaratory judgment may be appropriate where the conduct complained of is complete. The Court agrees. In cases

where the conduct complained of is complete but the plaintiff alleges actual present harm or a significant possibility of future harm, a declaratory judgment may be appropriate. However, this is not one of these cases. The conduct complained of by plaintiffs is attenuated from relief by way of a declaratory judgment. As explained above, the Michigan Legislature has already amended the statutory scheme as a direct consequence of this case. In addition, plaintiffs have not alleged actual present harm or a significant possibility of future harm.

### IV.

For the reasons stated above, count I for declaratory judgment has been dismissed. Plaintiffs lack standing to assert this claim against Corrigan and Hartsfield. All claims against Corrigan are now DISMISSED. This case (counts II through IV) proceeds against Hartsfield.

SO ORDERED.

 s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 26, 2013, by electronic and/or ordinary mail.

 s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160